

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D.C. 20530*

July 30, 2009

**FILED**
**SEP 2 4 2009**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A.J. Kramer
Federal Public Defender for the District of Columbia
625 Indiana Avenue, N.W., Suite 550
Washington, DC 20004

09cr219 (PLF)

    Re:    <u>United States v. Robert Niels Kraaipoel, also known as Niels Kraaipoel</u>

Dear Mr. Kramer:

    This letter sets forth the full and complete plea offer to your client, Robert Niels Kraaipoel, also known as Niels Kraaipoel (hereinafter "Niels Kraaipoel") from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer is conditional on the acceptance of a plea offer by your client's co-defendant, Robert Kraaipoel, and expires on **August 17, 2009**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return the original document to us on or before August 17, 2009. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

    1.    **<u>Charges and Statutory Penalties</u>**

    Your client agrees to waive indictment and plead guilty to a one-count criminal Information, which will be filed in the United States District Court for the District of Columbia. A copy of the Information accompanies this letter. The Information charges your client with participating in a conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371. In particular, the Information charges a conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, and the Export Administration Regulations ("EAR"), 15 C.F.R. Parts 730-774, and to violate the Iranian Transactions Regulations, 31 C.F.R. §§ 560.203 and 560.204.

    Your client understands that, pursuant to 18 U.S.C. § 371, this charge carries a maximum

sentence of 5 years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $200 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for any other criminal offenses committed before execution of this agreement arising out of his transactions with and on behalf of Iranian customers and his communications with U.S. government officials regarding these transactions. This paragraph does not apply to any other "crimes of violence," as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-4501, or any offenses which your client fails to disclose to us before entering into this agreement.

### 2. Factual Stipulations

Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that, before or during the plea hearing, your client will adopt and sign the Factual Proffer as a written proffer of evidence.

### 3. Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

#### A. Offense Level under the Guidelines

The parties agree that, pursuant to § 2M5.1(a)(1), the base offense level for the conspiracy charge is 26.

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The government is unaware of any other Guidelines adjustments applicable to your client. Thus, in accordance with the above, the applicable Guidelines level is **23**.

### B.     Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has no prior convictions that the Probation Office may include in calculating his Criminal History Category.

Thus, in accordance with the above, your client's Criminal History Category is **I**.

### C.     Applicable Guidelines Range

Based upon the calculations set forth above, your client's stipulated Guidelines range is **46 to 57 months (the "Stipulated Guidelines Range")**. In addition, the parties agree should the Court impose a fine, at Guidelines level of **23** the applicable fine range is **$10,000 to $100,000.**

The parties agree that, under the Guidelines, neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted, except a possible downward departure under § 5K1.1 provided that your client satisfies the conditions for such a downward departure as set forth below. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein, with the exception that your client retains the right to seek a departure or adjustment solely pertaining to the applicable fine range. Nor will either party suggest that the Court consider such a departure or adjustment, with the exception that your client retains the right to suggest a departure or adjustment solely pertaining to the applicable fine range. In addition, the government agrees to recommend a sentence at the low end of the applicable Guidelines range.

### 4.     Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the applicable Guidelines range and may suggest that the Court consider a sentence outside of the applicable sentencing range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

5.  **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

6.  **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

7.  **Appeal Waiver**

It is agreed (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable.

8.  **Interpreter**

Your client agrees that, if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request, pursuant to 18 U.S.C. § 3006A, "The Criminal Justice Act," to secure the services of a certified interpreter to verbally translate the Plea Agreement and related documents for your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

9.  **Release/Detention**

In view of the cooperation which your client agrees to provide and the expected investigations which will be based on this cooperation, the United States will join your client's request for release pending sentencing for the purpose of engaging in investigative activity under

the direction of law enforcement authorities. Your client and the Government agree that pursuant to 18 U.S.C. § 3145(c), the fact of your client's cooperation in investigations constitutes "exceptional reasons" justifying your client's release for the purpose of engaging in investigative activity under the direction of law enforcement authorities and the Government. Your client agrees that he will not oppose the following conditions justifying his release for the purpose of engaging in investigative activity: your client's promise to maintain contact as directed with a designated law enforcement agent and/or probation officer; his agreement not to travel without law enforcement or judicial approval beyond the Netherlands; your client's promise not to engage in any criminal conduct; and his promise to abide by any and all release conditions imposed by the Court.

Your client understands that the Court is not bound to accept the Government's recommendation regarding release pending sentencing and may impose whatever conditions it deems appropriate pending sentencing, to include ordering that your client be held without bond. Your client understands and agrees that at any time the Government can ask that your client be detained pending sentencing, and your client agrees not to oppose such a request for detention. Your client further agrees that the termination of your client's involvement in any investigation is a matter committed to the sole discretion of the Government and that this decision is not judicially reviewable. Your client understands and agrees that the United States does not waive its position as to your client's dangerousness or risk of flight by joining your client's request to be released for the purpose of engaging in investigative activity under the direction of law enforcement authorities and the Government. Your client also agrees that any violation of your client's release conditions, any misconduct by your client, or any inability or failure on the part of your client to continue your client's cooperation with the Government may result in the Government moving to change your client's conditions of release and/or filing an <u>ex parte</u> motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentence in this case.

## 10.   **Cooperation with the United States**

Your client agrees to cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in your client's possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation and of which he has knowledge, or relating to other matters deemed relevant by the United States.

Your client shall cooperate pursuant to this agreement whenever, and in whatever form, the United States Attorney's Office shall reasonably request. This includes, but is not limited to, submitting to interviews; answering interrogatories; giving sworn written statements; providing documents and any other evidence in your client's possession; giving testimony; giving depositions; taking government administered polygraph examination(s); and participating in covert law enforcement activities.

Your client shall testify fully and truthfully before any Grand Jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the United States.

Your client shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime.

Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

Your client agrees not to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities pursuant to this agreement or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all of its obligations under this agreement. However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty. Your client further understands that, to establish a breach of this agreement, the government need only prove your client's commission of a criminal offense by probable cause.

Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or government attorneys, and you communicate this decision in writing to this Office, the government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

11. **Substantial Assistance**

Following the completion of your client's cooperation, we will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the nature and extent of your client's cooperation, or lack thereof. If the Departure Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, or lack thereof, determines that your client has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then the United States will file a motion pursuant to § 5K1.1 to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration than

provided for by any applicable sentencing guidelines. If your client's cooperation is not complete until after his sentencing, the government, subject to approval from the Departure Committee as described above, will file a motion for reduction of sentence for substantial assistance pursuant to Rule 35(b), Fed. R. Crim. P. Your client understands that the determination of whether your client has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia and is not subject to review by the Court. Nor shall the failure of this Office to file a "substantial assistance" departure motion be grounds for your client to move to withdraw the plea of guilty in this case.

Your client understands further that ultimately the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to grant a downward departure based on your client's substantial assistance to the United States, notwithstanding the filing by the United States of any motion for departure from the applicable guidelines range. Your client also understands that neither the United States District Court for the District of Columbia nor any of its judges are a party to this agreement.

If your client meets all the terms and conditions set forth in this plea agreement, and in the event that the Court imposes a term of incarceration upon your client at sentencing, the Government agrees that it will not oppose any future application that your client may make to serve any remainder of his sentence in the Netherlands pursuant to the International Prisoner Transfer Program. Your client understands, however, that authority to approve and effect such a transfer on behalf of the United States rests with the Office of Enforcement Operations (OEO) of the Criminal Division of the U.S. Department of Justice.

### 12. **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later

7

withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 13. **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 14. **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor, or the Office of Foreign Asset Controls, U.S. Department of Treasury; and Bureau of Industry and Security, U.S. Department of Commerce. It also does not bar or compromise any civil, tax, or administrative

8

claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Very truly yours,

_Channing D. Phillips /by__/_
CHANNING D. PHILLIPS
Acting United States Attorney

_Dan Ch /bp_
DENISE CHEUNG
Assistant United States Attorney
(202) 307-2845

RYAN FAYHEE
Trial Attorney
National Security Division
U.S. Department of Justice
(202) 307-2050

JONATHAN C. POLING
Trial Attorney
National Security Division
U.S. Department of Justice
(202) 305-0179

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, A.J. Kramer, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 9.22.09

NIELS KRAAIJPEL
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9.22.09

A.J. Kramer, ESQ.
Attorney for Defendant

10